UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 20-015-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL FREEMAN STANTON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Freeman Stanton has filed a motion to sever his trial from Defendant Harry Gilbert.  [Record No. 23]   He asserts that Gilbert made certain statements about him while stopped outside a Wal-Mart and that these statements implicate Stanton even though he was not anywhere near Gilbert at this time.  The United States filed a response opposing the motion.  According to the government, there are sufficient remedies to curtail any potential prejudice during a joint trial of the defendants.  [Record No. 25]

Both Stanton and Gilbert have been indicted on charges of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Gilbert is charged in both counts of the indictment, but Stanton is charged in only one of the counts.  More specifically, Stanton is not charged in the count related to the conduct allegedly occurring outside the Wal-Mart in Mason County.  He was mentioned, however, in the police report regarding the incident.

Rule 8(b) of the Federal Rules of Criminal Procedure allows multiple defendants to be joined "if they are alleged to have participated in the same act or transaction, or in the same

- 1 -

series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.   All defendants need not be charged in each count."  The "predominant consideration" in determining if joinder is proper is "whether joinder would serve the goals of trial economy and convenience."  *United States v. Frost*, 125 F.3d 346, 390 (6th Cir. 1997).  Generally, "persons jointly indicted should be tried together." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987).

Rule 14 of the Federal Rules of Criminal Procedure provides a mechanism for a defendant to seek relief from prejudicial joinder.  However, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The defendant moving to sever carries a heavy burden to prevail on a motion for severance.  The defendant must demonstrate "compelling, specific, and actual prejudice" if the Court does not to grant the motion to sever.  *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005).

Here, Stanton has failed to show "compelling, specific, and actual prejudice."  Instead, he merely claims that his co-defendant "made statements about [him] when he was stopped outside of a Walmart on August 15, 2019, in Mason County, Kentucky."  Stanton asserts that these statements implicate him in the crime when he was not located in Mason County or near Gilbert when questioned and arrested.  The government does concede that the defendant may be invoking a *Bruton* issue, even though he fails to cite any authority on the matter.  *See Bruton v. United States*, 391 U.S. 123 (1968).  But redaction of the police report and a cautionary instruction can cure a *Bruton* issue.  *See United States v. Vasilakos,* 508 F.3d 401, 407-08 (6th Cir. 2007).  Limiting instructions in multi-defendant cases can prevent potential prejudice. *See*

- 3 -

*United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008).  Additionally, "juries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995).

In summary, because the defendant has failed to articulate "compelling, specific, or actual prejudice," and because it appears at this time that jury instructions and/or redaction can prevent potential prejudice, it is hereby

**ORDERED** that Defendant Michael Stanton's motion to sever [Record No. 23] is **DENIED**.

Dated:  April 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky